## GASSETT *a.* CROCKER.

*New York Common-Pleas; Special Term, July,* 1859.

### PLEADING.—GENERAL DENIAL.

A statement that the party denies all those allegations which are contained within certain specified folios, is good as a general denial.

Motion to make more definite and certain, portions of a reply.

HILTON, J.—The plaintiffs, in replying to the defendants' answer, instead of stating at length the allegations in it desired by them, state generally that they deny all those allegations in it which are contained within certain specified folios.

Application is made by the defendants to have these portions of the reply made more definite and certain.

I do not understand that the denial is so indefinite that the defendants cannot understand the precise nature of the plaintiffs defence to the counter-claim set up in the answer, and it is only in such cases motions like the present under section 160 of the Code can be granted.

Besides, such pleading is expressly authorized, it seems, by section 153, whereby a party is permitted to deny generally or specifically each allegation controverted by him.

The denial in question is certainly general, and as such falls within the character of pleading allowed by the Code.

Motion denied.   Costs to abide event.

---

## WALLACE a. THE MAYOR, &c., OF NEW YORK.

*New York Common Pleas; General Term, July,* 1859.

CORPORATION.—EXAMINATION OF PARTIES.—HIGHWAYS.—VINDICTIVE DAMAGES.—NEW TRIAL.

A corporation is a person living, within the provision of section 399 of the Code, allowing the conditional examination of a party where the adverse party, or person in interest, is living.*

A municipal corporation is bound to keep the streets, including the sidewalks, in repair, and is liable for injuries sustained in consequence of the neglect to do so.

Although the corporation may, by ordinance, impose the duty of repairing sidewalks upon the adjoining owners, this does not relieve the corporation from the liability.

In an action for damages for such injuries, instructing the jury that they must

---

* Compare, The People *on rel.* Dayton, 27 *Barb.*, 238.